Robinson, J.
 

 It is the contention of the plaintiff in error that the will of William Hudson was a devise of the property in question to the legal heirs of Asa S. Hudson, vesting in them at such time as they would be able to qualify, by the death of Asa S. Hudson, as legal heirs; that not only the will so provided, but the intention of the testator to so provide appears from the will, and the circumstances under which the will was executed and testator died make such intention the more reasonable and apparent.
 

 It is the contention of the defendant in error that the testator did not succeed in expressing his exact intention by the language he employed in his will; that he intended to vest the property at his death in the then living children of Asa S. Hudson, or, if not in them finally, in them with the possibility of their being partially divested for the purpose of allowing after-born children to share with them; that the phrase “legal heirs of Asa S. Hudson” should be construed to mean “heirs apparent” or “heirs in being.”
 

 The construction of the will according to one or the other theory necessarily is determinative of this case, for, if the property did not vest in the plaintiff in error until the death of Asa S. Hudson,
 
 *544
 
 no statute of limitations had tolled against her at the time of the filing of her petition; whereas, if the property vested in the children of Asa S. Hudson living at the time of the death of the testator, the plaintiff in error was not a beneficiary under the will at all, or, if it vested in the children then in being, subject to divestment in part in favor of after-born children, in the proportion that each child bore to the whole number of children then in being or thereafter to be born, there would be no escape from the bar of the statute of limitations, whatever theory of the limitation applicable, or the date the particular limitation began to run, might be adopted.
 

 The intention of the testator is to be gathered from the will itself, aided only by such extraneous facts, as will the more nearly put the court in the position of the testator. The only extraneous facts which may aid the court in the construction of this will are that, at the time of the execution of the will and the death of the testator, testator had four living children, of whom Asa S. Hudson alone had living children; that he had ten living grandchildren; that Delphia Hill, Alonzo Stafford, Leslie Stafford, and Bernie Stafford were grandchildren of the testator, and children of a daughter of the testator who had deceased prior to the date of the execution of the will; that Phylie H. Doan and Ruth Hudson were grandchildren, daughters of a son of testator, who had died prior to the date of the execution of the will, and for whom provision had been made by the testator during his life; that A. K. Hudson, Herbert E. Hudson, Robert C. Hudson, and Viola S. Hudson were grandchildren of the tes
 
 *545
 
 tator, living at the date of the execution of the will and at the date of the death of the testator, and the only then living children of Asa S. Hudson.
 

 The facts that subsequent to the death of the testator there were born to Asa S. Hudson and his wife, Nancy Z. Hudson, seven additional children, of whom plaintiff in error was one, and that she was born on March 2, 1882, and received no part of the compensation paid by the city, or any one else, for the lands, are facts pertinent to this case, but not to the construction of the will.
 

 Having in mind the facts above mentioned existing at the time of the execution of the will and the death of the testator, it is significant that the testator, in bestowing his bounty, in every instance, except with reference to the heirs of Asa S. Hudson, and with reference to the heirs of William P. Hudson, Ruth Willard, and Asa S. Hudson, refers to the objects thereof by name, and in most instances by designation of their relationship to him; for instance, he gives and bequeaths “to my wife Delphia Hudson”; he gives and bequeaths “to my son William P. Hudson”; he gives and bequeaths “to my daughter Ruth Willard”; and he gives and bequeaths “to Delphia Hill”; also “to Alonso, Lesley and Birny Stafford.” These latter four he might well have described or designated as “the legal heirs of Calista Stafford,” for Calista Stafford, his daughter, their mother, was already deceased. But, knowing their names, he chose to designate them by name. There being four of these children, as there were four living children of Asa S. Hudson, it is most significant that he designated these children by name, and did not desig
 
 *546
 
 nate the children of Asa S. Hudson either by name or as “children of Asa S. Hudson.” Nor did he designate them as an existing class, but designated a class of which the then living children of Asa S. Hudson might or might not some day be a part; a class of which his other children or the other grandchildren of testator, born or thereafter to be born, might be a part, but, of whomsoever composed, of his blood.
 

 The reason for the distinction between the four children of his deceased daughter and the four living children of Asa S. Hudson is apparent. The four children of his deceased daughter constituted a closed class. The legal heirs of Asa S. Hudson constituted an undetermined class, open not only to children which might thereafter be born to Asa S. Hudson and Nancy
 
 Z.
 
 Hudson, but possibly open to his other children, grandchildren, and their legal heirs.
 

 The reason for the distinction between Asa S. Hudson and testator’s three other living children may well have been that of all of them he had hope in Asa S. Hudson alone for the perpetuation of his family, since none of his other living children had children.
 

 It is also significant that the testator used the words “legal heirs” with reference to the other objects of his bounty but once, and then he indicated by the language used in connection therewith that he used them in their technical, legal sense, thus:
 

 “The balance of my land * * * to *
 
 *
 
 * my three children William P. Hudson, Ruth Wil
 
 *547
 
 lard and Asa S. Hudson or in case of
 
 decease
 
 of any or all of them
 
 to their legal heirs.”
 

 The same reason which impelled the testator in this bequest to his three children, including Asa S., to abstain from designating the alternative beneficiaries by name obtained to the beneficiaries he designated as “the legal heirs of Asa S. Hudson.”
 

 It is also significant as indicating the intention of the testator that, so long as he was devising land, he devised the land to the legal heirs of Asa S. Hudson; but, when he came to providing for the contingency of the land being converted into money by him, he did not bequeath the money to the legal heirs of Asa S. Hudson, but bequeathed it to Asa S. Hudson himself, thus indicating a purpose, not so much to exclude Asa S. Hudson from his bounty, as to insure to the Asa S. Hudson branch of his family the greatest possible benefit ' from his bounty; therefore, that, if the bounty consist of real estate at the time of his decease, its date of vesting should be at the most distant period practicable, and the Asa S. Hudson branch of his family receive the benefit of enhanced values, which time and the growth of the city were sure to accomplish. '
 

 The testator having used phraseology which, in its technical, legal signification, vested this real estate in the heirs of Asa S. Hudson at his death, and the intention of the testator not appearing to have been other than that which the words legally and technically signify, on the contrary, the intention of the testator appearing to have been to create an estate which would vest in the heirs of Asa S. Hudson when they could technically qualify as such,
 
 *548
 
 our duty is to so construe his will, unless the law of the state forbids.
 

 We find nothing in Section 10580, Greneral Code, which prevents the construction of the will according to its exact terms and the testator’s in- ' tention.
 

 A devise such as the one here under consideration has been defined as an “executory devise”— “such a limitation of a future estate or interest in lands or chattels as the law admits in the case of a will, although contrary to the rules of limitation in conveyances at common law, or such a disposition of them by will that thereby no estate vests on the death of the devisor, but only on some future contingency, and may be said to include every devise of a future interest which is not preceded by an estate of freehold created by the same will, or which, being so preceded, is limited to take effect before or after, and not at, the expiration of such prior estate.” 40 Cye., 1644.
 

 An example of an executory devise is “a devise to A of an estate to commence six months after the testator’s death, or when A becomes a citizen of the United States, provided he does so within a limited time.” Tiffany on Eeal Property, Section 160, page 553.
 

 In Ohio, the right of a testator to create an estate by will, which shall not vest in the beneficiary at the death of the testator, but shall vest at some date subsequent thereto, measured by a definite lapse of time, or by the happening of some event, without the creation by the testator of an intervening freehold upon which to rest such estate, has been recognized in
 
 Lessee of Thompson
 
 v.
 
 Hoop,
 
 
 *549
 
 6 Ohio St., 481;
 
 Niles
 
 v.
 
 Gray,
 
 12 Ohio St., 320;
 
 Durfee
 
 v.
 
 MacNeil,
 
 58 Ohio St., 238, 50 N. E., 721.
 

 The judgment of the Court of Appeals is reversed, and that of the court of common pleas is affirmed.
 

 Judgment reversed,
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.