## No. 455

### BILLMAN v. BILLMAN et.

Ohio Appeals, 6th Dist., Sandusky Co.

1271. WILLS—Descent—Where character of property devised to son is ancestral, whereby widow of son would only receive a life estate if the son had survived a twenty year period provided in the will, it could not have been the intention of the testator that the widow would receive any greater estate merely because her husband died before the twenty year period had expired.

**First Publication of this Opinion**

CULBERT, J.

Irene Billman instituted this action in the Sandusky Common Pleas against James Billman, George Billman and Frank Billman to have title to certain land quieted and for the construction of the will of George Billman deceased. Defendants too, asked for a construction of the will, that they be decreed the title to the premises and that plaintiff's petition be dismissed. The lower court construed the will to mean to give plaintiff a fee simple title.

Irene Billman, as wife of a son, Claude, of the deceased brought this action upon death of her husband Claude Billman. The will

provided by Item 5, that "I give, devise and bequeath to my son, Claude Billman, the use of the forty acres of land fronting on the county line road, being the north-east quarter. of section thirteen in said township and county, the east end thereof, subject to the payment of one-third of the aggregate proceeds thereof free from all farming expenses, to be paid to my wife, Mary Ann Billman, in money annually, so long as she may live; such proceeds being determined as the aggregate after tenant's half share is deducted. And, at 20 years after date of my death, said land shall become his, absolutely in fee simple. The remainder during said twenty years shall pass to the heirs of Claude Billman."

Plaintiff contends that upon the decease of Claude Billman, without issue within the 20 year period, his surviving wife, the plaintiff, took the property upon the theory that she was the heir of Claude Billman. The Court of Appeals on appeal from the lower court, held:

1. The term "heirs" is a flexible one and should be so construed as to give affect to the testator's intention as appears from the four corners of the will, interpreted in light of the circumstances testator knew at the time, and the term will be given its legal and technical meaning where no intention of the testator to use it otherwise appears from the will, where so interpreted. Heath v. Cleveland, 114 OS. 535.

2. The word "heirs" as the question is presented, is susceptible of two meanings, depending upon whether it was applied to ancestral or non-ancestral property. As to the former of which Claude Billman died seized, in fee, his relict would receive a life estate and at the death of such relict, his parents being dead, it would pass to his brothers. As to non-ancestral property, the sole heir of Claude Billman would be his relict, the plaintiff.

3. The circumstances of which the testator knew are important in determining this question. When the testator made the will Claude Billman was married, he had no children, although at the time of the death of the testator he was- unmarried (divorced) and was married to plaintiff in March, 1920. James and George Billman had children living. Frank Billman was unmarried.

4. The testator used the word "heirs" with reference to ancestral property, the property in question being such in the hands of George Billman.

5. It was not the testator's intention that the property immediately pass to strangers or others than relatives by blood, in fee simple upon the death of the son, Claude.

6. It being apparent that the widow would only receive a life estate if the husband, Claude, had survived the 20 year period, it certainly would not have been the intention of the testator, that the widow would receive any greater estate merely because her husband died before the 20 year period expired. The character of the estate was fixed upon the death of the testator and could not depend upon the date of the death of Claude Billman.

7. Plaintiff is entitled to a life estate in said premises and at her death the title thereto will pass to the heirs of the ancester from whom it came.

Decree accordingly.

(Richards & Williams, JJ., concur.)

Attorneys—Metzger & Bracy, Clyde, for plaintiff ;Young & Young, Norwalk, for defendant.